# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

TODD CONANT, THOMAS AMES, GREGORY GOULD, RODNEY MASON and KAREN MIGLIORE, on behalf of themselves and all others similarly situated

    Plaintiffs,

v.

FMC CORPORATION

    Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FMC Corporation ("FMC") files this Notice of Removal of this case from the Superior Court in Knox County, State of Maine (the "State Court"), captioned as *Conant et al. v. FMC Corporation,* Case No. cv-2019-08, to the United States District Court for the District of Maine.  This case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.  All plaintiffs are diverse from the defendant, the amount in controversy exceeds $75,000, and FMC has timely filed this notice of removal, thus supplying jurisdiction on the grounds of diversity of citizenship.

**Background**

1.    On or about March 11, 2019, Plaintiffs Todd Conant, Thomas Ames, Gregory Gould, Rodney Mason, and Karen Migliore commenced this action against FMC by filing a Complaint in the State Court.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.  On June 7, 2019, FMC executed an Acknowledgement of Receipt of Summons and Complaint, a true and correct copy of which is attached hereto as Exhibit B.

2. In the single-count Complaint, Plaintiffs allege that FMC violated Maine's wage payment statute, 26 M.R.S. § 626, by failing to pay Plaintiffs the value of accrued but unearned vacation time upon FMC's sale of the division in which Plaintiffs were employed.

3. All five Plaintiffs are domiciled in Maine. *See* Complaint ¶¶ 15, 18, 20, 23, 26.

4. FMC is incorporated in Delaware and maintains its principal place of business in Pennsylvania. *Id.* ¶¶ 29-30.

5. In their Prayer for Relief, Plaintiffs seek the value of the accrued vacation time, liquidated damages equal to twice the value of the accrued vacation time, and attorney fees, interest, and costs. *Id.* ¶¶ B-D.

## Diversity Jurisdiction

6. This Notice of Removal is being filed within thirty days of June 7, 2019, the date on which FMC acknowledged receipt of the Summons and Complaint. Pursuant to Fed. R. Civ. P. Rule 6(a) and 28 U.S.C. § 1446(b), the Notice is timely. *See Ford v. Nationwide Mut. Fire Ins. Co.*, No. CIV 01-133-P-H, 2001 WL 667834 at *1 (D. Me., June 13, 2001) (holding that the 30-day removal period is triggered by the defendant's acknowledgement of receipt of service).

7. Complete diversity exists between all Plaintiffs and the Defendant. All five Plaintiffs are citizens of Maine. *See Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008) (establishing that citizenship is determined by reference to a party's domicile, which in turn "is the place where he has his true, fixed home and principal establishment"). FMC is a citizen of Delaware and Pennsylvania. *See Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016) (for purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business).

8. The amount in controversy, including liquidated damages equal to twice the value of accrued vacation time, attorneys' fees, interest, and costs, as to each individual Plaintiff's claim exceeds $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-50 (2005) (establishing that in a putative class action, the amount in controversy requirement is satisfied if any one named plaintiff's claim exceeds $75,000).

9. Because FMC has timely filed this notice of removal, complete diversity exists between FMC and all Plaintiffs, and the amount in controversy exceeds $75,000, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, FMC may remove the action to this Court.

### Venue

10. The United States District Court for the District of Maine is the federal judicial district embracing the State Court where Plaintiffs originally filed this suit. Venue is therefore proper under 28 U.S.C. §§ 99 and 1441(a).

### Miscellaneous

11. Pursuant to 28 U.S.C. § 1446(d), FMC will provide Plaintiffs with written notice of this filing and will provide the State Court with a copy of such notice.

**WHEREFORE,** FMC Corporation, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Court.

Date: June 26, 2019                               Respectfully Submitted,

                                              **FMC CORPORATION**
By its Attorneys,

 /s/ Katherine S. Kayatta
Gavin G. McCarthy Bar No. 9540
Margaret C. LePage Bar No. 3559
Katherine S. Kayatta Bar No. 4553
Joshua D. Dunlap, Bar No. 4477
Matthew Altieri, Bar No. 6000
Pierce Atwood LLP
Merrill's Wharf
254 Commercial St.
Portland, ME 04101
Telephone: (207) 791-1100
gmccarthy@pierceatwood.com
mlepage@pierceatwood.com
kkayatta@pierceatwood.com
jdunlap@pierceatwood.com
maltieri@pierceatwood.com

*Attorneys for Defendant FMC Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing document via e-mail to the U.S. District Court, Portland, Maine, and served the same, via e-mail and U.S. Mail, postage prepaid, upon counsel of record addressed as follows:

Carol J. Garvan
David G. Webbert
Johnson, Webbert & Young, LLP
160 Capitol St., Suite 3
P.O. Box 79
Augusta, ME 04332-0079
207.623.5110
cgarvan@work.law
dwebbert@work.law


Dated at Portland, Maine, this 26th day of June, 2019

      /s/ Katherine S. Kayatta
Katherine S. Kayatta
Pierce Atwood LLP
Merrill's Wharf
254 Commercial St.
Portland, ME 04101
Telephone: (207) 791-1100
Email: kkayatta@pierceatwood.com