EXHIBIT 1

## Settlement Agreement And Release

Subject to Court approval, Plaintiffs Todd Conant, Karen Migliore, Gregory Gould, Rodney Mason, and Thomas Ames ("Named Plaintiffs"), individually, and on behalf of a class of other persons, and Defendant FMC Corporation ("Defendant") have entered into this Settlement Agreement and Release ("Settlement Agreement") to settle all issues between them. The signatories to this Settlement Agreement are jointly referred to as the "Parties." The interpretation of this Settlement Agreement will be governed by the statutes and common law of Maine, excluding any that mandate the use of another jurisdiction's laws.

## Background Facts

In *Conant v. FMC Corporation,* Civ. Action No. 2:19-cv-00296 (the "Action"), certain FMC Health & Nutrition employees based in Maine raised class claims for unpaid Vacation Pay on behalf of themselves and others similarly situated ("the Action").

Plaintiffs' Counsel have investigated the facts relating to the claims alleged in this Action and have concluded that (1) numerous disputed issues of fact and law relate to the claims asserted in this Action, (2) substantial expense and time will be necessary to prosecute this Action through trial; (3) further prosecution of this Action will unavoidably create substantial risks, uncertainty, and costs; (4) the relative benefits conferred upon the Settlement Class Members under this Settlement Agreement are substantial; (5) and thus the Settlement on the terms set forth in this

Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

Defendant denies Plaintiffs' allegations, and further denies any wrongdoing, or legal liability, arising from any facts or conduct alleged in the Action, but has concluded further litigation would be protracted, expensive, and would divert management and employee time and attention; that there are uncertainties and risks inherent in the Action; and that it is appropriate to fully and finally settle the Action in the manner, and upon the terms, set forth in this Settlement Agreement, so long as neither this Settlement Agreement, nor any document referred to or contemplated in this Settlement Agreement, nor any action taken to carry out this Settlement Agreement, may be construed as, or may be used as, an admission, concession, or indication by, or against, Defendant, of any fault, wrongdoing, or liability of any kind, and so long as the Settlement Agreement will not be disclosed, referred to, or offered into evidence against Defendant in any further proceeding in this Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of approving, interpreting, or enforcing the Settlement.

NOW THEREFORE, IT IS HEREBY AGREED, by the Parties, subject to the approval of the Court, that the Action is settled under the following terms and conditions:

## Definitions

Wherever used in this Settlement Agreement, and in all of its exhibits, the terms set forth below will have the following meanings:

1.      "Vacation Pay" means entitlement to monetary payment for vacation time under FMC's vacation policy.

2.      The "Settlement Class" or "Settlement Class Members" means: Named Plaintiffs and all other individuals who (1) were employed within FMC's Health & Nutrition division and based at the seaweed processing plant in Rockland, Maine, as of October 31, 2017, (2) had any "accrued vacation" in 2017 according to FMC's records, and (3) became employed by DowDupont on or around November 1, 2017, pursuant to a Transaction Agreement dated March 31, 2017, between E.I. du Pont de Nemours & Company and FMC Corporation. The total number of Settlement Class Members is about 107. **See Attachment A.**

3.      "Named Plaintiffs" means Todd Conant, Karen Migliore, Gregory Gould, Rodney Mason, and Thomas Ames.

4.      "Plaintiffs' Counsel" means David G. Webbert, Carol J. Garvan, and Valerie Wicks of Johnson, Webbert & Young, LLP.

5.      "Complaint" means the operative complaint filed in this Action.

6.      "Court" means the United States District Court for the District of Maine.

7.      "Day" or "Days," unless otherwise noted, means a calendar day(s).

8.    "Effective Date," or the date upon which the Settlement embodied in this Agreement becomes "effective," means the date on which the Judgment in this matter becomes final as a matter of law, which the Parties hereby deem to be (1) 35 days after entry of the Judgment if no appeal is filed, or, (2) if an appeal is filed, five days after the final mandate is issued affirming the Judgment and the time period during which a further petition for hearing, review, appeal or certiorari could be taken has finally expired and relief from a failure to file the same is not available.

9.     "Final Approval Order" means the Court's Order Granting Final Approval of Class Action Settlement.

10.    "Final Approval Hearing" means the hearing set by the Court at which it will consider the Settlement, arguments, and evidence that may be presented by the proponents of the Settlement, and arguments and evidence that may be presented by any objectors to the Settlement.

11.    "Qualified Settlement Fund" means a settlement fund in the gross settlement amount of Six Hundred and Ninety-Five Thousand Dollars ($695,000), which is the amount of funds Defendant will pay to be available in Settlement for: (1) payment to Settlement Class Members, (2) any Service Awards for the Class Representatives, (3) any payment to Class Counsel for attorneys' fees, expenses, and costs, and (4) any payment of administration expenses, including the employer's share of payroll taxes that the Settlement Administrator determines is required,

4

beyond the first $25,000 of such expenses. The costs for administration of the class settlement (including any employer's share of payroll taxes that the Settlement Administrator determines is required) of up to $25,000 total will be paid directly by Defendant to the Settlement Administrator and will not be paid out of the Qualified Settlement Fund. The parties stipulate and agree that this Qualified Settlement Fund (1) will be established by order of and approved by the Court and will be subject to the continuing jurisdiction of the Court; (2) is established to resolve contested claims that have resulted from an event that has occurred and that has given rise to claims asserting liability arising out of an alleged violation of law; (3) is a trust under applicable state law and its assets will be otherwise segregated from other assets of the Defendant and related persons; and (4) qualifies as and will be treated as a qualified settlement fund for federal tax purposes in compliance with Internal Revenue Code Section 468B and 26 C.F.R. (Treas. Regs.) §§ 1.468B-1 to 1.468B-5.

12. "Net Settlement Fund" means the amount available for payments to Settlement Class Members from the Qualified Settlement Fund, after deducting all attorneys' fees, costs and expenses, Service Awards, and any payment of class administration expenses (including the employer's share of payroll taxes that the Settlement Administrator determines is required) beyond the first $25,000 of such expenses.

13. "Settlement" means the parties' resolution of the matter as to the Settlement Class Members.

14. "Released Person(s)" means Defendant, all current and former parents,

5

subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, members, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors.

15.     "Plan of Allocation" means the formula for calculating each Located Settlement Class Members' Settlement Award from the Net Settlement Fund. The Net Settlement Fund will be allocated to each Settlement Class Member on a pro rata basis, based on the monetary value of the vacation time each Settlement Class Member had "accrued" (as that term is used in Defendant's vacation policy) during the period of January 1, 2017, through October 31, 2017, as set forth in **Attachment A**.

16.     "Located Settlement Class Member" means each Settlement Class Member for whom the Administrator verifies a current mailing address.

17.     "Opt-out" means a Settlement Class Member who, in accordance with this Settlement Agreement, excludes himself from the Settlement Class and the Settlement, and does not subsequently, in accordance with this Settlement Agreement, rescind that exclusion.

18.     "Released Claims" means any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, arising on, or before, the date of the execution of this Settlement

Agreement (the "Release Period"), that were, or could have been, raised in the Action relating to the issues raised in the Complaint, including any claims for unpaid wages, liquidated damages, penalties, attorneys' fees, costs, expenses, interest, Service Awards, and any other monetary claims related to unpaid wages or vacation time, including any claims arising under the Maine Wages and Medium of Payment Act, 26 M.R.S. 621-A *et seq.*, the Fair Labor Standards Act, state, municipal, local, or common laws, rules, and regulations.

19.     "Settlement Administrator" means, subject to approval by the Court, Rust Consulting, Inc.

20.     "Notice of Settlement" means the notice of proposed class action settlement attached to this Agreement as **Attachment B** that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the settlement.

### No Admission Of Liability By Defendant

21.     Defendant denies liability or wrongdoing of any kind associated with the claims alleged in the Action. Thus, this Settlement Agreement is a compromise and will not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendant or the Released Parties, for any purpose, and under any circumstance. Defendant has not conceded any claims or defenses that were, or could have been, raised in the Action. The Parties negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense. The Settlement Class and Defendant expressly agree to undertake risks that

intervening developments in the law may materially strengthen, or weaken, their respective claims and defenses in the Action, and they have agreed to resolve the Action despite such risks. This Settlement Agreement, as well as the negotiations that occurred in connection with its creation, will not constitute evidence regarding any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the approval, enforcement, or interpretation of this Settlement Agreement.

## Class Certification

22.    For purposes of the Settlement only, Plaintiff will request, and Defendant  agrees not to oppose, certification under Federal Rule of Civil Procedure 23 of a class comprised of Settlement Class Members. In so doing, Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of class certification for any purpose as if this Agreement had not been entered into by the Parties in the event that the Court does not approve the Settlement or the Effective Date does not occur. The Parties agree that, if approved, certification of the Settlement Class is in no way an admission by Defendant that class certification is proper in this Litigation or any other litigation against Defendant. The Parties further agree that, other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, shall not be admissible against any Released Party in any judicial, arbitral, administrative,

investigative, or other court, tribunal, forum, or other proceeding, including without limitation any litigation.

23.     For purposes of the Settlement only, Defendant similarly does not object to Named Plaintiffs serving as class representatives and Plaintiffs' Counsel serving as class counsel.

### The Qualified Settlement Fund

24.     Subject to Court approval and the terms of this Settlement Agreement, in consideration for the release of claims and other stated consideration, Defendant will pay into the Qualified Settlement Fund a gross amount of $695,000. The costs for administration of the class settlement, including any employer's share of payroll taxes that the Settlement Administrator determines is required, up to $25,000 will be paid directly by Defendant to the Settlement Administrator and will not be paid out of the Qualified Settlement Fund. Under no circumstances shall Defendant be required to pay any amount greater than the foregoing amounts to resolve the Litigation or to fulfill the obligations under this Agreement. In the event that the Court approves payment of any amount greater than the Settlement Amount, Defendant may terminate this Agreement and any obligation imposed on it under this Agreement shall be null and void.

### Incentive Payments

25.     Subject to Court approval, each Named Plaintiff will receive an incentive award of $4,000 (for an aggregate award not to exceed $20,000) for their services as class representatives in the Action ("Service Awards"). The Service

Awards will be in addition to the share to which the Named Plaintiffs are otherwise entitled as Settlement Class Members, and will be payable from the Qualified Settlement Fund. Defendant will not oppose or object to the requested Service Awards.

26.     This Agreement is not conditional on the Court's approval of incentive awards in the requested amounts or in any amount. The Parties shall request the Court to consider them separately from the fairness, reasonableness, and adequacy of the Settlement. The Court's ruling on the application will not terminate or cancel this Agreement or give Plaintiffs a right or option to do so.

## Payment To Settlement Class Members

27.     Subject to Court approval, each Located Settlement Class Member, who is not an Opt-out, will receive a payment from the Net Settlement Fund according to the Plan of Allocation as defined above. Defendant will not oppose or object to the proposed Plan of Allocation.

28.     The Settlement Administrator shall determine the appropriate payroll tax treatment and reporting requirements for payments to Class Members and will pay both the employer and employee share of any payroll taxes. That payment of payroll taxes shall be paid out of the Qualified Settlement Fund only as follows: (1) the employee portions of such payroll taxes shall be paid out of the Qualified Settlement Fund in full and (2) any employer share of the payroll taxes shall be paid out of the Qualified Settlement Fund only to the extent that the aggregate amount of that employer share plus the other costs for administration of the class settlement

exceed $25,000. Plaintiffs will suggest to the Settlement Administrator that each Located Settlement Class Member's Settlement Award payment will be allocated as follows: (a) 33 1/3% of the Settlement Award will constitute as taxable wage income paid under IRS Form W-2 and will be subject to ordinary payroll withholdings under federal and state law; and (b) 66 2/3% of the Settlement Award will constitute taxable non-wage income to be reported with an IRS Form 1099-MISC, box 3 ("other income"). Defendant does not and will not make any representations about the correct tax treatment.

29.    Payments to Settlement Class Members must be issued by the Settlement Administrator, by way of negotiable instrument, from the Qualified Settlement Fund within the time provided by Paragraphs 51-53 below.

## Attorneys' Fees, Costs, And Expenses

30.    Defendant will not object to Plaintiffs' Counsel seeking an order from the Court directing payments to Plaintiffs' Counsel from the Qualified Settlement Fund for: (a) attorneys' fees in the amount of 33 1/3% of the Qualified Settlement Fund; and (b) reimbursement for reasonable costs and expenses actually expended (or reasonably expected to be actually expended before the case is competed) by, or on behalf of, the Settlement Class including the cost of Settlement Administration (but not including the costs for administration of the class settlement of up to $25,000 that will be paid directly by Defendant to the Settlement Administrator and that will not be paid out of the Qualified Settlement Fund). Any such attorneys' fees, costs, and expenses approved by the Court will be paid from the Qualified Settlement Fund.

Any amounts not approved will be re-allocated and paid to the Settlement Class Members by inclusion in the Qualified Settlement Fund for purposes of the Plan of Allocation.

31.     Payment to Plaintiffs' counsel, as provided in the immediately preceding paragraph, will be paid from the Qualified Settlement Fund. Class Counsel may elect to have all, part, or none of its attorneys' fees award paid in periodic payments through a structured settlement arrangement entered into before payment of such fees to Class Counsel. All fees awarded to Class Counsel to be so structured will be paid by the Settlement Administrator, out of the Settlement Fund to an assignment company(ies) in accord with appropriate assignment and release agreements ("Assignment Agreements"). Class Counsel has no present right to payment of any structured fees that are the subject of Assignment Agreements. The Settlement Administrator will have the authority to execute documents and take such actions as may be necessary to effectuate the assignment and payment of fees under any Assignment Agreement.

32.     This Agreement is not conditional on the Court's approval of attorneys' fees in the requested amount or in any amount. The Parties shall request the Court to consider them separately from the fairness, reasonableness, and adequacy of the Agreement. The Court's ruling on the request will not terminate or cancel the Agreement or give Plaintiffs or Class Counsel a right or option to do so.

**Release**

33.    Upon the Effective Date, each and every Settlement Class Member, other than Opt-outs, will be deemed to, and will actually have, released and discharged all Released Parties for all Released Claims. This release will remain binding on all Settlement Class Members, other than Opt-outs, regardless of whether they have negotiated any payment under this Settlement Agreement, or have been located by the Settlement Administrator.

34.    Each Settlement Class Member will be deemed to, and will actually have, knowingly and voluntarily, waived, released, discharged, and dismissed the Released Claims, with full knowledge of any and all rights they may have, and thereby assume the risk of any mistake in fact, or with regard to any facts that are now unknown to them.

35.    The signatories to this Settlement Agreement represent they are fully authorized to enter into, and bind, the Parties to the terms and conditions of this Settlement Agreement.

36.    If notwithstanding the intention of the Parties expressed therein, any release given by the Releasing Parties is not given its full effect by operation of law, then the Releasing Parties shall be deemed to have and do hereby transfer and assign to the Released Parties all claims, if any, that were deemed not released, to the extent necessary to effectuate the intent of this Section.

## Settlement Administration

37.     Defendant's Counsel have the responsibility to designate the Settlement Administrator, and have designated Rust Consulting, Inc. The Settlement Administrator's fees and expenses of up to $25,000 will be paid directly by Defendant and will not be paid out of the Qualified Settlement Fund. Any fees and expenses beyond $25,000 shall be paid out of the Qualified Settlement fund.

38.     Within seven (7) business days after the Court's preliminary review and Order directing that notice of the proposed Settlement Agreement be issued to the Settlement Class Members, the Parties will provide to the Settlement Administrator, and to each other, the name, last known U.S. mail and email addresses, and Social Security number for each Settlement Class Member, to the extent that the Parties have such information. The Settlement Administrator will then compare the provided addresses to information available through the U.S. Postal Service, or a similar database, to determine if there is a more recent U.S. mail address for each Settlement Class Member.

39.     Within twenty (20) days after the Court orders that notice of this proposed Settlement Agreement be issued to the Settlement Class Members, the Settlement Administrator will send to each Settlement Class Member, by first-class U.S. mail, addressed to the most recent address as determined by the process described in the preceding paragraph, postage prepaid, a Notice of Settlement. The Notice of Settlement will provide that any opt-outs or objections must be post-marked within forty-five (45) days after the date of the mailing of the Notice.

40.     If any mailing directed at Settlement Class Members is returned by the U.S. Postal Service as undeliverable within thirty (30) days of mailing, then, within ten (10) days of such receipt, the Settlement Administrator will reasonably use any additional, up-to-date practice to locate a current U.S. mail address for those Settlement Class Members and will re-send to Settlement Class Members, at the subsequently determined address, the Notice of Settlement, providing notice that any opt-outs must be postmarked within the later of either forty-five (45) days after the date of the original mailing of the notice or fifteen (15) days after the date of the follow-up mailing.

41.     If, despite the required effort(s), the Settlement Administrator is unable to locate an accurate current U.S. mail address for a Settlement Class Member within sixty (60) days of the Court's order directing that notice of the proposed Settlement Agreement be issued to the Settlement Class Members, such Settlement Class Member will not be considered when apportioning the Net Settlement Fund, and the formula for determining the other members' entitlement to their portions of the Net Settlement Fund will be applied as if the Settlement Class Member who could not be found is not a Settlement Class Member, although such Settlement Class Member(s) will remain bound by the Settlement Agreement and its release provisions. In this way, it is intended that the entirety of the Qualified Settlement Fund be distributed and not returned to Defendant. If one or more located Settlement Class members fails to negotiate a payment within 120 days of issuance, all such uncashed payments will be paid to Settlement Class Members that received and cashed checks in the prior

distribution, provided that if the cost of distribution exceeds the amount to be distributed, the excess cost of distribution will be paid out of Class Counsel's award of attorneys' fees and expenses. Notwithstanding any failure by a Settlement Class Member to receive or cash a check, the Release and Settlement Agreement will remain binding on all of the parties and the Settlement Class, including any Settlement Class Members who did not receive or cash a check.

### Opt-Out Procedures And Settlement Class Member Objections

42.     As they will be instructed in the Notice of Settlement, Settlement Class Members will submit written objection(s) to, or a written request for exclusion from, the Settlement to be post-marked no later than forty-five (45) days from the mailing of the Notice of Settlement.

43.     To be valid, any request for exclusion must be timely mailed to the Settlement Administrator, and must include: a reference to this case by case name or case number; a statement to the effect that he or she wants to be excluded from the Settlement; his or her name; and current address.

44.     To be valid, any written objection(s) to the Settlement must be mailed in a timely manner to the Settlement Administrator, and must include: a reference to this case by case name or case number; a statement to the effect that he or she objects to the Settlement; the basis (or bases) for the objection(s); his or her name; current address; and whether they intend to appear at the Final Approval Hearing.

45.     The Settlement Administrator will provide copies of all received requests to opt-out, and of all objections, to counsel for both parties, no later than

16

seven (7) days after they are received. Plaintiffs' Counsel will be responsible for proposing and submitting any necessary report to the Court regarding Opt-outs, objections, and requests to appear at the Final Approval Hearing.

46.    Any Settlement Class Member who wishes to rescind a properly submitted request for exclusion will be instructed in the Notice of Settlement of the right and process for rescission.

47.    If Settlement Class Members representing five percent (5%) or more of the number of Settlement Class Members opt out without rescinding, Defendant will have the unilateral right to rescind the Settlement such that: (1) Defendant's obligations under the Settlement will cease to have any force and effect; (2) the Settlement Agreement will be vacated, null, void, and canceled; (3)  the parties will return to the *status quo ante* as if they had not entered into a settlement; (4) the Settlement, and all negotiations and agreements and proceedings related to the Settlement, will be without prejudice to the rights of the parties; and (5) evidence of the Settlement will be inadmissible and not discoverable.

## Settlement Approval

48.    The parties will cooperate and take all necessary steps to effectuate judicial approval of their intended settlement. More specifically, Defendant agrees to provide the Settlement Administrator and Plaintiffs' counsel all information appropriate to confirm the fairness of this settlement and the distribution of settlement amounts among members of the Settlement Class, to the extent that Defendant has such information. Defendant likewise gives consent to the Settlement

Administrator providing all such information to Plaintiffs' counsel. Such information includes, but is not limited to, full contact information (including email address if known), social security number, dates of employment, job titles, and compensation data.

49.     By no later than February 14, 2020, Plaintiffs' Counsel will prepare, Defendant's Counsel will review and approve, and Plaintiffs will file a consented-to motion requesting preliminary review of the settlement and an Order directing Notice of the settlement to the Settlement Class. The motion shall propose a preliminary approval order including provisions that:

    a.  Conditionally certify the Settlement Class for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(3).

    b.  Preliminarily approve the settlement as set forth herein for the purpose of sending notice to the class, subject to further hearing and determination under Fed. R. Civ. P. 23(e).

    c.  Approve written notice substantially in the form of the Notice of Settlement.

    d.  Direct the Settlement Administrator to mail or cause to be mailed the Notice of Settlement to members of the Settlement Class.

    e.  Find that the mailing pursuant to this Agreement constitutes the best notice practicable under the circumstances, and that the Notice of Settlement fully satisfies the requirements of due process and the Federal Rules of Civil Procedure.

    f.  Provide that anyone who wishes to be excluded from the Settlement Class must request that the Court exclude the person from the Class by mailing a letter or postcard to the Settlement Administrator, at the special postal box described in the Notice, postmarked no later than forty-five days after the mailing of the Notice.

g. Schedule the Final Approval Hearing to be held by the Court to determine whether the proposed Settlement should be finally approved as fair, reasonable and adequate, whether an order finally approving the Settlement should be entered thereon, and whether to award attorneys' fees and expenses to Plaintiffs' counsel and/or an incentive payment to the Named Plaintiffs.

h. Provide that the Released Claims of all Settlement Class Members shall be released as of the entry of judgment.

i. Provide that no later than ten (10) days after the proposed settlement and motion for preliminary approval is filed, Defendant will serve any required notices on the appropriate State and Federal officials under 28 U.S.C. § 1715.

j. Provide that the Final Approval Hearing may be continued from time to time by Order of the Court, and without further notice to the Settlement Class.

50.   Before the Final Approval Hearing, Plaintiffs' Counsel will prepare, and Defendant's Counsel will review and approve, a consented-to motion for final approval of the Settlement. The consented-to motion for approval of the Settlement will request the following:

a. An Order Granting Final Approval to the Settlement, concluding the terms of the Settlement to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b. An Order approving Class Counsel's fees, costs, and expenses;

c. An Order approving Service Awards to the Class Representatives;

d. An Order approving payment for services by the Settlement Administrator;

e. An Order dismissing the Action on the merits, with prejudice, in accordance with the terms of this Settlement Agreement;

    f.  An Order declaring all Settlement Class Members (except those who affirmatively opt-out per the Settlement Agreement) are bound by the release of claims described in this Settlement Agreement; and

    g.  An Order reserving jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement, and over the administration and distribution of payments under the Settlement.

### Distribution Of Settlement Payments

51.    Within 35 days after the issuance of the Final Judgment, Defendant must deposit all amounts due into the Qualified Settlement Fund maintained by the Settlement Administrator.

52.    Within fourteen (14) days of the Effective Date, the Settlement Administrator must issue all payments due under this Settlement Agreement by negotiable instrument, along with the appropriate W-2, W-4, W-9, and 1099 Forms.

53.    Within one hundred and eighty (180) days after the Effective Date, the Settlement Administrator shall determine the amount of unclaimed or unallocated funds existing, if any. As soon as practicable thereafter, the Settlement Administrator shall distribute any such funds as provided in Paragraph 41 of this Agreement.

### Public Comment

54.    The Parties, on behalf of themselves and their counsel, agree not to publicize, including, but not limited to, issuing press releases, the settlement to a third party but will retain all other rights to discuss the settlement with their clients and, with regard to Settlement Class's counsel, the Settlement Class members, via non-public means, such as U.S. Mail or email. Counsel for the parties also agree that

their response to any inquiries from the media about the Action, or the settlement of the Action, Counsel may respond that "we are pleased the matter was resolved to the satisfaction of all parties" and may confer on whether any additional joint or separate statement to the media is appropriate. Class Counsel may refer publicly to the amount of the settlement, including but not limited to on their website, so long as they do not identify the Defendant or the specific industry of Defendant.

## Notices

55.     Unless otherwise specifically provided in this Settlement Agreement, all notices, demands, or other communications given under this Settlement Agreement will be in writing, and will be deemed to have been duly given as of the third business day after mailing by U.S. Mail and by email, addressed as follows:

<u>To the Class Representatives or Settlement Class Members:</u>

Carol J. Garvan
David G. Webbert
Valerie Wicks
Johnson, Webbert & Young, LLP
P.O. Box 79
160 Capitol Street, Suite 3
Augusta, ME  04332
cgarvan@work.law
dwebbert@work.law
vwicks@work.law

<u>To the Defendant:</u>

Gavin McCarthy
Pierce Atwood, LLP
254 Commercial St,
Portland, ME 04101
gmccarthy@pierceatwood.com

## Miscellaneous

56.     If the conditions of Settlement set forth in this Agreement are not satisfied, if the Court does not enter the Judgment provided for in this Agreement, if the Court enters the Judgment and appellate review is sought and on such review such Judgment is materially modified or reversed, or if one or more of the terms of the Settlement Agreement is not approved or the Judgment with respect to one or more of such terms is materially modified or reversed, then this Agreement shall be canceled and terminated unless the Parties can agree within 15 days to amend this Agreement in such a manner as to resolve such issue.

57.     If any of the foregoing occur, the parties agree to work in good faith to resolve any differences they may have regarding any revised Release and Settlement Agreements to be re-submitted to the Court, and, if the parties are unable to resolve any such differences on their own, the parties further agree to submit all unresolved differences to Magistrate Judge Nivison for the purpose of  mediating all such disputes about the terms and conditions of any revised Release and Settlement Agreement to be re-submitted to the Court.

58.     Provided that the Settlement is approved without material modification or the Parties agree to accept all such material modifications, the Parties agree to waive all appeals, but only for purposes of implementing the Settlement.

59.     Settlement Class Members acknowledge that Defendant makes no representations about the correct tax treatment of any sums payable under this Settlement Agreement, none of which is the responsibility of the Defendant beyond

funding of the Qualified Settlement Fund and the first $25,000 of administrative expenses. Settlement Class Members agree to indemnify and hold Defendant harmless from any of their respective tax obligations that arise from Defendant's agreement not to withhold state or federal income tax on certain sums paid in conjunction with this Agreement or that arise from Settlement Claim Members' failure to pay their tax obligations in full.

60.     All of the Parties acknowledge they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

61.     The Parties agree to use their best, reasonable efforts, and to fully cooperate with each other to implement and effectuate the terms of this Settlement Agreement.

62.     This Settlement Agreement may be executed in counterparts, and when signed and delivered by at least one counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one agreement, which will be binding on, and effective as to, all of the Parties.

63.     This Settlement Agreement will be binding on, and inure to the benefit of, the successors of each of the Parties, including each Settlement Class Member who does not opt out of the Settlement.

64.    The Parties believe this is a fair, reasonable, and adequate Settlement Agreement, and have arrived at this Settlement Agreement after the exchange of key information, and through considerable arm's-length negotiations under the direct supervision of the Court, taking into account all relevant factors, both present and potential.

## Entire Agreement

65.    This Settlement Agreement, entered into by the Named Plaintiffs, for themselves and all the Settlement Class Members, and Defendants, constitutes the entire agreement between the Parties concerning the subject matters addressed in this Settlement Agreement. No extrinsic, oral, or written representations or terms will modify, vary, or contradict the terms of this Settlement Agreement.

66.    Except in writing, and signed by Plaintiffs' Counsel and Defendant's Counsel, this Settlement Agreement and its attachment may not be changed, altered, or modified.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

Date: ___2/14___, 2020         By: _____

                                                    *On behalf of FMC Corporation*

Date: _____, 2020         By: _____

                                                    Todd Conant, Class Representative

64.     The Parties believe this is a fair, reasonable, and adequate Settlement Agreement, and have arrived at this Settlement Agreement after the exchange of key information, and through considerable arm's-length negotiations under the direct supervision of the Court, taking into account all relevant factors, both present and potential.

## Entire Agreement

65.     This Settlement Agreement, entered into by the Named Plaintiffs, for themselves and all the Settlement Class Members, and Defendants, constitutes the entire agreement between the Parties concerning the subject matters addressed in this Settlement Agreement. No extrinsic, oral, or written representations or terms will modify, vary, or contradict the terms of this Settlement Agreement.

66.     Except in writing, and signed by Plaintiffs' Counsel and Defendant's Counsel, this Settlement Agreement and its attachment may not be changed, altered, or modified.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

Date: _____, 2020          By: _____

*On behalf of FMC Corporation*

Date: 2/11, 2020          By: _____

Todd Conant, Class Representative

24

Date: 2/11, 2020

By: _____
Karen Migliore, Class Representative

Date: _____, 2020

By: _____
Gregory Gould, Class Representative

Date: _____, 2020

By: _____
Rodney Mason, Class Representative

Date: _____, 2020

By: _____
Thomas Ames, Class Representative

Date: _____, 2020        By: _____
                                   Karen Migliore, Class Representative

Date: _2 - 11_, 2020          By: _____
                                   Gregory Gould, Class Representative

Date: _2-11-2020_ 2020        By: _____
                                   Rodney Mason, Class Representative

Date: _____, 2020        By: _____
                                   Thomas Ames, Class Representative

Date: _____, 2020         By: _____
                                    Karen Migliore, Class Representative


Date: _____, 2020         By: _____
                                    Gregory Gould, Class Representative


Date: _____, 2020         By: _____
                                    Rodney Mason, Class Representative


Date: _Feb. 11_, 2020           By: _____
                                    Thomas Ames, Class Representative

25