UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TODD CONANT, et al.,                )
                                    )
        Plaintiffs                  )
v.                                  )    2:19-cv-00296-JDL
                                    )
FMC CORPORATION,                    )
                                    )
        Defendant                   )

**RECOMMENDED DECISION ON PLAINTIFFS'
MOTION REGARDING CLASS SETTLEMENT**

Plaintiffs have negotiated a class settlement of claims arising out of Defendant's sale of its Health and Nutrition Division to DowDuPont. Plaintiffs ask the Court to preliminarily certify the class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, authorize notice of the proposed settlement to the class members, appoint Plaintiffs' counsel as class counsel, and schedule a hearing on the proposed settlement. (Motion, ECF No. 22.) Defendant does not oppose the motion.

Following a review of Plaintiffs' motion and the record, I recommend the Court grant the motion.

**Factual Background**

After Defendant sold its Health and Nutrition Division, including its Rockland, Maine, facility, to DowDuPont on November 1, 2017, Defendant paid its Rockland-based employees for their accrued 2016 vacation time, which pursuant to Defendant's policy was earned as of January 1, 2017. Defendant did not pay the employees for vacation time accrued from January 1, 2017, through November 1, 2017. Plaintiffs commenced this action to

recover unpaid vacation wages for vacation accrued from January 1, 2017, through October 31, 2017, for Defendant's employees who were employed by DowDuPont as of November 1, 2017.

Following an exchange of relevant information in discovery, the parties negotiated a settlement of the putative class action claims. The terms of the settlement, set forth in the proposed settlement agreement attached to Plaintiffs' motion, provide for Defendant to pay to the class, the sum of $695,000, and the costs of administration, up to a total of $25,000. The proposed settlement also contemplates an attorney's fee in the amount of thirty-three and one-third per cent of the $695,000 (to be paid from the settlement amount), the reasonable costs and expenses of counsel in prosecuting the action (to be paid from the settlement amount), and a service award of $4,000 (to be paid from the settlement amount) for each of the named Plaintiffs.

## Discussion

### A. Preliminary Class Certification

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

2

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If the conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule.

Federal Rule of Civil Procedure 23(b) provides:

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Here, Plaintiffs seek preliminary certification of the class for settlement pursuant to Rule 23(b)(3). Plaintiffs ask the Court to certify a settlement class of all individuals who (1) were employed within Defendant's Health & Nutrition division at the seaweed processing plant in Rockland, Maine, as of October 31, 2017, (2) had any "accrued vacation" in 2017 according to Defendant's records, and (3) became employed by DowDuPont on or around November 1, 2017, pursuant to a Transaction Agreement dated March 31, 2017, between Defendant and E.I. du Pont de Nemours & Company.

The Supreme Court has described a court's consideration of a request for certification of a class for settlement as follows:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial. But other specifications of the Rule – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

In this case, the class consists of 107 individuals, which satisfies the numerosity requirement of Rule 23. *Venegas v. Global Aircraft Servs.,* 159 F. Supp. 3d 93, 98 (D. Me. 2016) ("courts in this circuit have generally found that a class of 40 or more individuals

satisfies numerosity."). Given that each class member would have the same substantive claim – a claim for vacation wages for January 1, 2017 through October 31, 2017 – the class also satisfies the commonality requirement of Rule 23. For the same reason, the typicality requirement is satisfied.

The record also establishes that the named Plaintiffs would "fairly and adequately protect the interests of the class" as required by Federal Rule of Civil Procedure 23(a)(4). This requirement is generally satisfied if the interests of the named Plaintiffs "do not conflict with the interests of any class members." *LaRocque ex rel. Spang v. TRS Recovery Services, Inc.*, 285 F.R.D. 139, 149 (D. Me. 2012) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)). The interests of the named Plaintiffs appear to be the same as the interests of the putative class members – to recover vacation wages for January 1, 2017, through October 31, 2017. Even if the Court were to engage in the "more rigorous" inquiry discussed by the Court in *LaRocque*, the requirement is satisfied insofar as the record lacks any evidence to suggest the named Plaintiffs do not have the necessary knowledge and competence to represent the class.

Plaintiffs have also demonstrated that a preliminary certification of the class is appropriate under Rule 23(b)(3). The legal issues in this case – whether Defendant is obligated to pay for vacation wages accrued in 2017 and whether Defendant otherwise complied with Maine's wage law (26 M.R.S. § 626) – are common to all members of the putative class. Furthermore, given the modest potential recovery on each individual claim

and the lack of any other pending claims by class members, a class action is reasonable.

### B. Preliminary Approval of Settlement

Court approval of a class action settlement involves a two-step process. *Michaud v. Monro Muffler Brake, Inc.,* 2015 WL 1206490 at *8 (D. Me. March 17, 2015); *Rapuano v. Trustees of Dartmouth College*, 2020 WL 475630 at *1 (D. N.H. January 29, 2020). The parties first propose a settlement for preliminary approval. *Id*. Pursuant to Federal Rule of Civil Procedure 23(e), the court must determine whether it "will likely be able to" certify the class for settlement purposes and approve the settlement. Fed.R.Civ.P. 23(e)(1)(B). Thereafter, following notice to all putative class members pursuant to the court's direction, the court would determine whether the settlement was "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(B); Fed.R.Civ.P. 23(e)(2).

At this preliminary stage, therefore, the Court considers whether it "will likely be able to" approve the settlement. In this case, Plaintiffs sought actual damages (i.e., the amount of the unpaid vacation wages) and statutory liquidated damages (i.e., double the amount of the unpaid wages). The amount of the claimed unpaid vacation wages for the class is approximately $415,000. Even after the proposed attorney's fee is deducted, therefore, the amount to be distributed to the class members exceeds the actual vacation pay of the total class. Under the circumstances and given that the settlement is the product of an arms-length negotiated settlement by represented parties on issues that were legitimately in dispute, the Court could reasonably conclude that approval of the settlement is likely.

**C. Appointment of Counsel**

Pursuant to Federal Rule of Civil Procedure 23(g), the Court must appoint counsel who will "fairly and adequately represent the interest of the class." Fed.R.Civ.P. 23(g)(1)(4). The Court must consider "the work counsel has done in identifying or investigating potential claims;" "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" "counsel's knowledge of the applicable law; and" "the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A)(i-iv). As reflected by the declarations of Attorneys Carol Garvan (Exhibit 2, ECF No. 22-4) and David Webbert (Exhibit 3, ECF No. 22-5), proposed counsel have extensive class action experience and have successfully represented plaintiffs in class actions in this Court for many years. In addition, in this and other cases, counsel have consistently demonstrated that they are highly skilled and knowledgeable practitioners. In short, the record reflects that to this point counsel have fairly and adequately represented the class and counsel's past performance suggests that they will do so until the conclusion of this matter.

**Conclusion**

Based on the foregoing analysis, I recommend the Court grant Plaintiffs' motion and preliminarily certify the class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, authorize notice of the proposed settlement to the class members, appoint Plaintiffs' counsel of record as class counsel, and schedule a hearing on the proposed settlement.

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[1] A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of March, 2020.

---

[1] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)