United States District Court
District of Maine

| | |
|---|---|
| Todd Conant, et al., on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br>      v.<br><br>FMC Corporation,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Docket No. 2:19-cv-00296-JDL<br>)<br>)<br>)<br>) |

### Order on Final Settlement Approval and Attorneys' Fees and Expenses

Before me are a request for final approval of the settlement of all claims in this suit, and a motion for attorneys' fees and costs. For the reasons stated below, the motions are **GRANTED** in all respects.

### Background

On November 1, 2017, Defendant FMC sold its Health and Nutrition Division, including its facility in Rockland, Maine, to DowDuPont. Shortly after the sale, FMC paid its Rockland-based Health and Nutrition employees for the vacation time they had accrued in 2016 (which under FMC policy was considered "earned" as of January 1, 2017). FMC did not pay its employees

for the vacation time they had accrued January 1 through November 1, 2017 (which under FMC policy was considered "earned" as of January 1, 2018).

In March 2019, the five Named Plaintiffs filed this Action for unpaid vacation wages under Maine law, 26 M.R.S. § 626, on behalf of themselves and 102 other FMC Health & Nutrition employees based in Rockland, Maine who had "accrued vacation" time for the period January 1, 2017 through October 31, 2017. Named Plaintiffs and Class Counsel conducted a thorough and diligent investigation of the relevant legal and factual claims concerning both liability and damages, including retaining an expert witness to analyze damages owed to each of the class members, requesting and producing documents and information in informal discovery, and propounding written interrogatories, requests for admission, and requests for production of documents. During two separate, full-day Judicial Settlement Conferences with a Judicial Settlement Officer of this Court, Magistrate Judge Nivison, the parties negotiated vigorously and at arm's length and ultimately achieved this Court-supervised proposed settlement of the putative class action claims for unpaid wages.

On May 5, 2020, I authorized Plaintiffs to send notices of the proposed settlement to potential class members. ECF Nos. 27, 32.[1] After conducting a fairness hearing on August 12, 2020, as required by Federal Rule of Civil Procedure 23(e), I conclude that the Settlement is fair, reasonable, and adequate, and appropriate for final certification for settlement purposes, that the attorney fees and expenses requested by Class Counsel are reasonable, and that the service awards to the five Named Plaintiffs are warranted and reasonable.

## Discussion

### I. The Settlement Is Fair, Reasonable, and Adequate.

The following factors are relevant for determining whether a proposed class action settlement is "fair, reasonable, and adequate" under Rule 23:

(1) comparison of the proposed settlement with the likely result of litigation;

(2) stage of the litigation and the amount of discovery completed;

(3) reaction of the class to the settlement;

(4) quality of counsel;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement and Release, see ECF No. 22-1, and all terms defined therein have the same meaning in this Order as set forth in the Settlement Agreement and Release.

    (5)    conduct of negotiations; and

    (6)    prospects of the case, including risk, complexity, expense and duration.

*Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *2 (D. Me. Mar. 14, 2014).[2]

All of the relevant factors favor final approval of the proposed settlement. **First**, the proposed settlement compares well to the unpredictable results of litigation, particularly given that (1) under the proposed settlement, even after requested attorneys' fees, expenses, service awards, and costs of settlement administration are deducted, each class member will receive over 100% of their full claim for unpaid vacation pay, and (2) multiple difficult questions of law remained to be decided, including class certification, summary judgment proceedings raising complex and novel questions on the

---

[2] Similarly, Fed. R. Civ. P. was amended in 2018 to list the following factors for a court ordering final approval of a Rule 23 settlement, which mirror the factors identified as relevant in *Scovil*:
    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.
Fed. R. Civ. P. 23(e)(2).

the statutory interpretation of Maine's unpaid vacation wage statute in the context of a business sale, and likely appeals.

**Second**, before a proposed settlement was reached, Class Counsel engaged in a thorough and diligent investigation of the legal claims, defenses, and damages at issue. Both parties requested and produced documents and information in informal discovery. In addition, Plaintiffs retained a damages expert to calculate the lost wage damages owed to each class member, and propounded written interrogatories, requests for admission, and requests for production of documents upon Defendant.

**Third**, the reaction of the class has been extremely positive and notice of the proposed Settlement to the class has been very effective. The Class Administrator successfully delivered the approved Class Notice to all 107 class members, and no objections or opt-out requests have been filed. The settlement payments are on track to be distributed to all 107 class members. Notice to the class was by the best means practicable under the circumstances and satisfied due process requirements.

**Fourth**, Class Counsel and the class representatives have adequately represented the class. The five named class representatives have ably represented the class, including maintaining close contact with Class Counsel throughout the litigation, responding to requests for information and

documents, and preparing for and attending multiple day-long judicial settlement conferences.

In addition, consistent with their past record as highly experienced counsel in class action cases, Class Counsel have demonstrated skill and dedication to their clients' best interests. David Webbert and Carol Garvan are experienced in class action litigation and have devoted substantial time and resources to this Action. As found by Magistrate Judge Nivison in his Recommended Decision on Plaintiffs' motion for preliminary certification, notice, and appointment of class counsel in this case (ECF No. 27), which I affirmed (ECF No. 32),

> [P]roposed counsel have extensive class action experience and have successfully represented plaintiffs in class actions in this Court for many years. In addition, in this and other cases, counsel have consistently demonstrated that they are highly skilled and knowledgeable practitioners. In short, the record reflects that to this point counsel have fairly and adequately represented the class and counsel's past performance suggests that they will do so until the conclusion of this matter.

**Fifth**, the record confirms vigorous and arm's length settlement negotiations under close judicial scrutiny. During a full day of mediation on October 2, 2020, the parties negotiated at arms' length with the assistance and supervision of a Judicial Settlement Officer of this Court, Magistrate Judge Nivison. A resolution was not reached, but the parties' negotiations continued for the next month and a half with further assistance of Magistrate

Judge Nivison, and concluded with a second full-day mediation on November 15, 2020, when a proposed settlement was finally reached.

**Sixth** and finally, the proposed Settlement properly accounts for the risks, costs, complexity, and likely duration of continued litigation. The case hinged on unsettled issues of law concerning Maine's unpaid wage statute, 26 M.R.S. § 626, which had not yet been determined by the Court and posed substantial uncertainty and risks for both sides. Continued litigation would have required massive additional time and expense for each side—likely including additional written and oral discovery on liability and damages, a disputed motion for remand, a disputed motion for class certification, likely cross-motions for summary judgment on the statutory interpretation of Maine wage law in the context of a business sale, and trial—with no guarantee of success.

In sum, I find the proposed Settlement fair, reasonable, and adequate under Rule 23.

## II. For Settlement Purposes, The Action Is Finally Certified Under Rule 23.

An action can be settled as a class action that binds absent class members only if the Court certifies "the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). Certification of an action requires

that it meet the requirements of Rule 23(a) and one of the types of class actions described in Rule 23(b) for settlement purposes. *Id.*; *Michaud v. Monro Muffler Brake, Inc.*, No. 2:12-CV-00353-NT, 2015 WL 1206490 (D. Me. Mar. 17, 2015) at *2. This Action satisfies the requirements of Rule 23 such that it may be certified for settlement purposes.[3]

Plaintiffs ask the Court to certify a settlement class of all individuals who (1) were employed within Defendant's Health & Nutrition division at the seaweed processing plant in Rockland, Maine, as of October 31, 2017, (2) had any "accrued vacation" in 2017 according to Defendant's records, and (3) became employed by DowDuPont on or around November 1, 2017, pursuant to a Transaction Agreement dated March 31, 2017, between Defendant and E.I. du Pont de Nemours & Company. The proposed class meets all of the applicable requirements for class certification under Fed. R. Civ. P. Rule 23(a) and 23(b)(3). Under Rule 23(a), (1) the class of 107 former employees is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, given that each class member would have the same substantive claim for vacation wages for the period January 1, 2017 through October 31, 2017; (3) for the same reason, the claims

---

[3] For the sole purpose of facilitating settlement, Defendant does not contest the Named Plaintiffs' arguments for class certification, and, if the Settlement is not, for any reason, completed, Defendant reserves the right to subsequently contest the propriety of certification.

8

or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class, as the interests of the five named Plaintiffs to recover unpaid vacation wages are aligned with the interests of the putative class members. Fed. R. Civ. P. 23(a).

In addition, Plaintiffs have demonstrated that certification is appropriate under Rule 23(b)(3). The legal claims and defenses at issue in this case, concerning whether FMC is required to pay vacation wages accrued in 2017 under Maine's wage law, 26 M.R.S. § 626, are common to the class and predominate over any individualized issues. Moreover, class action is the superior method of adjudication of this dispute, particularly given the relatively small potential recovery for any individual class member and the lack of any other pending claims by class members. Fed. R. Civ. P. 23(b)(3).

### III. The Proposed Service Awards to Named Plaintiffs Are Appropriate.

"Because a named plaintiff is an essential ingredient of any class action, an incentive or service award can be appropriate to encourage or induce an individual to participate in the suit." *Scovil v. FedEx Ground Package Sys.*, 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361 at *23 (D. Me. Mar. 14, 2014). Class Counsel has proposed, and Defendant does not object

9

to, service awards of $4,000 each to the five Named Plaintiffs. I find these proposed service awards appropriate in light of the time each of the Named Plaintiffs devoted to the case and the significant role they played in facilitating settlement.

### III. The Requested Attorneys' Fees And Expenses Are Reasonable.

Applying the First Circuit's preferred "percentage of fund" approach, Plaintiffs' counsel has requested attorneys' fees of one-third fee of the total $695,000 Qualified Settlement Fund, or $231,666.67, and $20,649.30 in reimbursement for expenses, which includes $9,512.42 for payment of employer payroll taxes required on the settlement payments to Class Members. I find Plaintiffs' requested fees and expenses reasonable.

**First**, Plaintiffs' counsel has represented that all five Named Plaintiffs entered into legal services agreements providing for payment to Class Counsel of a one-third contingent fee of the recovery, plus reimbursement of all case expenses. **Second**, a one-third contingent fee is common in class action employment and civil rights cases. *See, e.g., Scamman v. Shaw's Supermarkets, Inc.*, No. BCD-CV-2018-09 (Super. Ct. Apr. 26, 2019) (approving as reasonable attorneys' fee award of one-third of common fund or $483,333.33, plus $50,000 in expenses); *O'Connor v. Oakhurst*, 2:14-00192-NT, 2018 WL 3041388 (D. Me. June 19, 2018) (approving as reasonable an

10

award of attorneys' fees of one-third of common fund, or $1.67 million in fees, plus $50,000 in expenses, in state law unpaid wages class action); *Curtis v. Scholarship Storage Inc.,* No. 2:14-cv-303-NT, 2016 WL 3072247, at *3-4 (D. Me. May 31, 2016) (awarding one-third fee in wage-and-hour class action); *Scovil,* 2014 WL 1057079, at * 5 (D. Me. Mar. 14, 2014) (awarding one-third of common fund in wage class action, and citing multiple precedents).

**Third**, this case was complex and uncertain, raising novel questions concerning the statutory interpretation of Maine's vacation pay statute in the context of a business sale. Plaintiffs engaged in thorough investigation of the claims, defenses, and damages at issue, and participated in two full days of mediation with a Judicial Settlement Officer of this Court, Magistrate Judge Nivison.

**Fourth**, the $695,000 Settlement plus an additional payment of $25,000 for class administration costs is an excellent result and is well within the range of expected recovery if this case had proceeded to trial. If the Settlement is approved, the 107 class members will each receive over 100% of their full claims for accrued vacation pay.

**Fifth**, Class Counsel's fee petition indicates that they have represented all five Named Plaintiffs for over two years, and maintained close contact with each of the Named Plaintiffs throughout the litigation. **Sixth**, Plaintiffs' counsel are highly qualified and experienced in complex litigation, and have

11

demonstrated zealous advocacy for their clients in this and other class actions.

**And seventh,** Class Counsel undertook this case on a wholly contingent basis, accepting the certain risk they would not be paid unless and until the case was favorably resolved, and taking on the substantial risk that they would not be compensated for their time at all.

As agreed to in the parties' Settlement Agreement (ECF No. 22-1, ¶ 32), Class Counsel may elect to have all, part, or none of its attorneys' fees award paid in periodic payments through a structured settlement arrangement entered into before payment of such fees to Class Counsel. All fees awarded to Class Counsel to be so structured will be paid by the Settlement Administrator, out of the Settlement Fund to an assignment company(ies) in accord with appropriate assignment and release agreements ("Assignment Agreements"). Class Counsel has no present right to payment of any structured fees that are the subject of Assignment Agreements. The Settlement Administrator will have the authority to execute documents and take such actions as may be necessary to effectuate the assignment and payment of fees under any Assignment Agreement.

In sum, I find that Class Counsel's request for attorneys' fees and expenses is reasonable.

## Conclusion

For the reasons stated above, the Plaintiffs' motions are **GRANTED** in all respects. I **APPROVE** final settlement of all claims in this matter, including the service awards to the Named Plaintiffs. I **GRANT** Plaintiffs' counsel's motion for attorneys' fees and expenses.

I **GRANT** the parties' motion to certify this Action as a class action for settlement purposes only and because the Action has been certified as a class action under Federal Rule of Civil Procedure 23(b)(3), all Settlement Class Members who did not actively opt-out of the case (and the Settlement thereof) will be bound by the dismissal with prejudice on the merits, and by the release of claims described in the Settlement Agreement.

The case is **DISMISSED** with prejudice; provided, however, that, without affecting the finality of this Judgment and Order of Dismissal with Prejudice, I hereby retain exclusive and continuing jurisdiction for purposes of supervising, administering, implementing, interpreting, and enforcing this Judgment and Order of Dismissal with Prejudice, as well as the Settlement Agreement, including administration and distribution of payment thereunder.

SO ORDERED.

Date: September 1, 2020         /s/ Jon D. Levy
                                Chief U.S. District Judge